**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CAROLYN SIMMONS**                                   **CIVIL ACTION**

**VERSUS**

**JAMES "RITCHIE" JOHNSON,**                          **NO. 06-325-A-M2**
**ET AL**

## RULING & ORDER

This matter is before the Court on the Motion to Strike Plaintiff's Untimely and Non-Complying Supplemental Expert Report (R. Doc. 60) filed by defendants, the City of Port Allen, Robert Peavy, and Harry Brown ("defendants").   Plaintiff, Carolyn Simmons ("Simmons"), has filed an opposition to defendants' motion.  (R. Doc. 62).

## FACTS & PROCEDURAL BACKGROUND

Simmons filed this lawsuit in the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, on February 13, 2006.  In her petition, she alleges that the defendants violated her Constitutional rights in their handling of an incident on February 11, 2005, when she reported that she was going to commit suicide.  During that incident, defendants, through the West Baton Rouge Parish Crisis Response Team, attempted to negotiate with Simmons to prevent her from committing suicide.  Simmons contends that, after negotiations, the crisis response team entered her home and shot her with a bean bag, which caused her gun to fire and wound her left shoulder.  She alleges that, as a result of the defendants' actions, her left arm was ultimately amputated at the shoulder joint.

Defendants removed Simmons' suit to this Court on May 8, 2006.  The Court issued a Scheduling Order on December 8, 2006, setting various deadlines, including a deadline

of May 1, 2007 for the disclosure of the identities and resumes of all expert witnesses for plaintiffs and a deadline of June 5, 2007 for submission of the reports of plaintiff's experts. On April 30, 2007, the Court extended the above deadlines to August 1, 2007 and September 5, 2007 respectively.

On July 25, 2007, Simmons identified the following experts who will testify on her behalf in this matter:  Lloyd Grafton (Police Policy and Procedure); Frank R. Campbell, Ph.D. (Crisis Intervention); Dr. LiLi (Kinesiology); Randolph Rice, Ph.D. (Economics); and Ernest Bristol (Crisis Negotiator).  However, Simmons did not provide reports for any of those experts by the Court-imposed deadline of September 5, 2007.  Instead, on that date, she filed a Motion for Enlargement of the Time to Submit Expert Reports (R. Doc. 39), which was denied by the Court on September 26, 2007.  (R. Doc. 44).  Simmons then filed a Motion for Relief from Order Denying Plaintiff's Request for Enlargement of Time to Submit Expert Reports (R. Doc. 48) on October 3, 2007.  The Court conducted a telephone hearing relative to that motion on October 22, 2007, and the motion was granted in part and denied in part "such that plaintiff [would] be allowed to replace Mr. Ernest Bristol, the expert in the field of hostage and suicide negotiations, with someone other than Dr. Campbell, and his/her testimony [would] be limited to [that] field."  (R. Doc. 50).  The Court extended the deadlines for Simmons to disclose the identity and resume of such witness and for submission of that expert's report to November 7, 2007 and December 19, 2007 respectively.

On December 19, 2007, Simmons submitted the expert report of Thomas Strentz ("Strentz").  Although the Court has not been provided with a copy of Strentz's December 19, 2007 report, defendants represent that the report provides opinions concerning the

efforts of the chief hostage negotiator (West Baton Rouge Parish Sheriff's Deputy Richie Johnson) and assistant negotiator (West Baton Rouge Parish Sheriff's Deputy Donald LeBlanc) at the scene of the incident and sets forth the various documents that Strentz reviewed in connection with his report.[1]

On January 4, 2008, Strentz submitted a supplemental expert report, wherein he provides additional opinions concerning how the negotiations in question were handled. The supplemental report, which has been submitted to the Court for review, indicates that Strentz reviewed the exact same documents in connection with his supplemental report that he reviewed in connection with his December 19, 2007 report and further provides various opinions and criticisms concerning the actions of Chief of the Port Allen Police Department, Harry Brown ("Chief Brown"), as the "scene commander" on the day in question.[2]

Defendants have now filed the present motion, seeking to strike Strentz's

---

[1] Simmons has not provided any information to refute the representation by defendants as to the contents of Strentz's initial report.  In fact, in her opposition, Simmons simply attempts to provide an explanation as to why the conduct of Chief Brown was not addressed in detail until Strentz submitted his supplemental report.  The Court therefore assumes that the defendants' description of the contents of the initial report is accurate.

[2] Specifically, Strentz opines that, while the suicide crisis involved a good initial response that included the activation of a few appropriate resources, the resources had not trained together, and Chief Brown had never trained them nor had he received any training in crisis management.  Strentz indicates that the role of an "on scene commander" includes evaluating his crisis response team members' recommendations, and when Chief Brown arrived on the scene, he did not ask appropriate questions about the current or planned response nor did he challenge the recommendations of his team. Strentz further opines that Chief Brown acted inappropriately in failing to ask why only one negotiator was deployed and in failing to question the safety issues inherent in the plan suggested by the SWAT team and the negotiator.  He also criticizes Chief Brown's failure to consult outside agencies like the Louisiana State Police, the FBI, Simmons' doctor, and/or Baton Rouge suicide hotline resources.  Based upon the above actions and inactions, Strentz concludes that Chief Brown failed in his role of "on scene commander."  *See*, Exhibit C to defendants' motion.

supplemental report and related testimony for two reasons:  (1) it is untimely under the scheduling deadlines set forth in the Court's October 22, 2007 Order; and (2) it offers opinions critical of the police and of policy decisions made by the police chief, which exceed the scope of the areas to which Strentz was permitted to opine under the Court's October 22, 2007 Order.  Defendants contend that, in Strentz's initial report, he primarily opined concerning the actions of the sheriff deputy/hostage negotiator Richie Johnson and the assistant negotiator Donna Leblanc and offered little criticism regarding the decisions and actions of the Port Allen police defendants.  The Port Allen police defendants therefore determined that they had little need for an expert to counter Strentz's opinions.  They argue that Strentz's supplemental report should be excluded because, although their expert, Dr. Larry Gould, was qualified and capable of addressing Strentz's minimal opinions concerning their conduct in the initial report, they would need to identify and consult with another expert to address the more thorough opinions concerning them that are expressed in Strentz's supplemental report, and the deadline for them to identify such additional expert has passed.

## **LAW & ANALYSIS**

Pursuant to Fed. R. Civ. P. 37(c), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e),[3] the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was "substantially justified" or is "harmless."  Fed. R. Civ. P. 37(c); *Buxton v. Lil' Drug Store*

---

[3] Rule 26(a)(2)(C) provides that a party must disclose the identities of its testifying expert witnesses and their written reports at the times and in the sequence that the court orders.  Fed. R. Civ. P. 26(a)(2)(C).

*Products, Inc.*, 2007 WL 2254492, *7 (S.D. Miss. 2007)(Failure to comply with the requirements of Rule 26(a) requires "automatic and mandatory" exclusion of the proffered expert opinion pursuant to Rules 26 and 37(c)(1) where plaintiff cannot show that the violation was either "justified or harmless").   Since Simmons failed to provide the supplemental report of Strentz within the deadlines set by the Court, Simmons should not be able to introduce that report and Strentz's related trial testimony unless she can demonstrate that such failure was "substantially justified" or is "harmless."

The only justification that Simmons offers in her opposition for the failure to timely submit Strentz's supplemental report is the assertion that defendants have been intentionally vague, through their discovery responses, regarding Chief Brown's role in the suicide negotiation process and that Chief Brown, during his deposition, provided confusing and ambiguous testimony concerning whether or not he was the "on scene commander" during the incident in question.   However, the fact that Chief Brown's role in the incident at issue is ambiguous did not preclude Strentz from offering opinions in his initial report concerning Chief Brown's actions by making the *assumption* that Chief Brown was the "on scene commander."   The information that Strentz had available to him concerning Chief Brown at the time he rendered his initial report was the same as the information he had available at the time he issued his supplemental report;[4] thus, there was nothing preventing Strentz from providing opinions regarding Chief Brown's conduct at the time he issued his

---

[4] In fact, as noted above, Strentz has listed the exact same materials that were reviewed in connection with both of his reports, indicating that he was not provided with any additional information between the issuance of his reports that would have resulted in a change or an expansion of his opinions requiring supplementation of his initial report.

initial report.  Courts have routinely rejected untimely "supplemental" expert reports and

testimony where the opinions are based upon information available prior to the deadline

for service of initial expert reports.[5]   In other words, Simmons cannot "skirt the [expert]

disclosure requirements" of Rule 26 by characterizing "new" opinions in Strentz's

supplemental report as "supplemental."  *Buxton*, at *5 (Courts have stricken supplemental

reports and affidavits to the extent they go beyond the opinions expressed in the experts'

---

[5] *See, Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996)(Rule 26(a) requires initial expert disclosure to be complete and detailed, and the purpose of a supplemental expert report is to supplement - not to extend the expert disclosure deadline); *Buxton v. Lil' Drug Store Products, Inc.*, 2007 WL 2254492 (S.D. Miss. 2007)(noting that the Court was inclined to exclude the supplemental affidavit of the plaintiff's expert on the ground that the opinions contained therein were "more than a mere supplementation of his prior opinions" and were "entirely new opinions"); *Avance v. Kerr-McGee Chem. LLC*, 2006 WL 3484246, at *7 (E.D. Tex. 2006)(excluding a late filed report where the plaintiffs failed to demonstrate "substantial justification" why the revisions and new affidavits were filed after the expert deadline); *Cleave v. Renal Care Grp., Inc.*, 2005 WL 1629750, at *1 (N.D. Miss. 2005)(excluding supplemental expert affidavit produced in response to summary judgment motion where the plaintiff failed to identify new information which would prompt new opinions); *Salgado v. Gen'l Motors Corp.*, 150 F.3d 735, 741-43 (7th Cir. 1998)(affirming exclusion of "supplemental" expert testimony based on untimely disclosure because opinions were based on information available prior to the deadline for service of initial reports).

Courts have similarly made it clear that supplemental expert reports cannot be used to "fix" problems in initial reports.  *See, Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997)(affirming a district court's refusal to allow late supplementation of expert reports and holding: "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case"); *Cleave*, at *1 ("A new expert affidavit which is submitted to rebut a summary judgment motion should be stricken if the new opinion is different from the earlier Rule 26 report"); *Beller v. U.S.*, 221 F.R.D. 689, 691-95 (D.N.M. 2003)(supplemental reports cannot be used to buttress opinions or "shore up problems" in opinions contained in initial reports); *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 603 (S.D. Tex. 2001)("A subsequent expert affidavit submitted to rebut a summary judgment motion may be excluded if it differs from an earlier Rule 26 report"); *Shelter Mut. Ins. Co. v. Culbertson's Ltd., Inc.*, 1999 WL 135297, at *4 (E.D. La. 1999)(Expert report discussing issues not included in initial report cannot be considered "supplementary").

Rule 26 reports).  Accordingly, the Court finds that Simmons has not provided any substantial justification or explanation for Strentz's failure to include his opinions concerning the conduct of Chief Brown and the police department in his initial report, and Strentz's supplemental report should therefore be excluded.

Furthermore, the Court finds that the introduction of Strentz's supplemental report (and testimony related thereto) would not be "harmless," as the deadline for defendants to identify an additional expert to address the topics contained in Strentz's supplemental report expired on November 30, 2007, and the expert deadlines in this matter have already been extended on two occasions, as a result of the plaintiff's actions.  They were initially extended on April 30, 2007, as a result of plaintiff's failure to respond to defendants' discovery requests.  They were again extended on October 22, 2007, in response to Simmons' motion to enlarge the time to submit expert reports based upon plaintiff's counsel's representation that he was unable to comply with the Court's two prior expert deadlines because Simmons did not have the money to advance costs to hire an expert and because of issues related to finding an expert who would be willing to testify against law enforcement personnel.

To allow Strentz's untimely supplemental report would simply flout the deadlines that the Court was reluctant to extend on the second occasion (as evidenced by the Court's initial denial of plaintiff's request to extend the time period for submitting expert reports and the ultimate granting of such extension only upon reconsideration and under specific limitations) and would further delay expert discovery in this matter, as extensions would again have to be made for the defendants to identify and provide the report of another expert to address the topics in Strentz's supplemental report.  This Court has an inherent

power to control its docket and to prevent undue delays in the disposition of pending cases,[6] which it chooses to exercise herein.[7]  Accordingly, Strentz's untimely supplemental report and related testimony should be excluded from this matter.[8]

---

[6] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399 (5th Cir. 1985); *U.S. v. Hughey*, 147 F.3d 423 (5th Cir. 1998).

[7] Fed. R. Civ. P. 16(b) also provides that a scheduling order limiting the time to complete discovery "shall not be modified except upon a showing of good cause and by leave of the district judge."  Simmons neither demonstrated good cause nor sought leave from this Court to submit Strentz's supplemental report outside the deadlines set forth in the Court's October 22, 2007 Order.  *Buxton*, at *7 (Exclusion of an untimely supplemental expert report is appropriate pursuant to Rule 16(b), which "authorizes the district court to control and expedite pretrial discovery through a scheduling order" and which gives the court "broad discretion to preserve the integrity and purpose of the pretrial order," including the exclusion of evidence as a means of enforcing the pretrial order); *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

*See also,* Fed. R. Civ. P. 6(b), which provides that, when an order of the court requires an act to be done at or within a certain time, the court (1) with or without motion or notice, may order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order; or (2) upon motion made after the expiration of the specified period permits the act to be done, where the failure to act was the result of excusable neglect . . ." Fed. R. Civ. P. 6(b).  Again, plaintiff has not demonstrated that her failure to submit Strentz's opinions contained in his supplemental report prior to the Court-imposed deadline was a result of any type of excusable neglect.

[8] The Fifth Circuit, in *Geiserman*, indicated that the following four factors are to be considered when determining whether to exclude an expert report: (1) the explanation for the failure to comply with the rules, which, as discussed above, the Court finds inadequate in this case; (2) the importance of the testimony; (3) the potential prejudice or harm in allowing the testimony, also discussed above; and (4) the availability of a continuance to cure any such prejudice.  As to the second factor, even assuming that Strentz's supplemental report is important to plaintiff's case, the Fifth Circuit has stated that "the importance of proposed [expert] testimony cannot 'singularly override the enforcement of local rules and scheduling orders'."  *Hamburger*, at 883 9citing *Geiserman*, at 792.  The Fifth Circuit has also noted that, with respect to potential prejudice, a delay of even a few weeks in disclosing expert testimony, as in this case, disrupts a court's schedule and the opponent's preparation and is thus prejudicial.  *Geiserman*, at 791; *Williams v. Gonzales*, 2005 WL 3447885, at *6 (E.D.

The Court also notes that the opinions in Strentz's supplemental report exceed, at least in part, the scope of the field for which he was permitted to opine/testify under the Court's October 22, 2007 Order.  Thus, even if the Court had not determined that the report should be excluded in its entirety for untimeliness, portions of the report would nevertheless be excluded on that ground.  As noted above, in the October 22, 2007 Order, the Court specifically limited the opinions/testimony of the plaintiff's newly identified expert to the field of "hostage and suicide negotiations."  Strentz's supplemental report appears to go beyond that topic and into the field of police policy and procedure, an area for which plaintiff identified a different expert, Lloyd Grafton, who never submitted an expert report.  Thus, Strentz's supplemental report appears to be a last-ditch effort by the plaintiff to bring in opinions on police policy and procedure (which she should have introduced via the report and testimony of Grafton) through an untimely report/testimony of an expert in another field.

Accordingly;

---

Tex. 2005)("Disruption of the court's discovery schedule and the opponent's preparation constitutes sufficient prejudice to militate in favor of the exclusion of [expert] testimony"). Finally, although a continuance could possibly cure the prejudice by allowing the defendants an opportunity to identify an additional expert and have he/she provide a report regarding the opinions addressed in Strentz's supplemental report, this would obviously result in additional delay and increase the expense of defending this lawsuit. *Hamburger*, at 883 (citing *Geiserman*, at 792).  Because of a trial court's need to control its docket, a party's violation of the Court's scheduling order should not routinely justify continuances.  *Id.*  Otherwise, as the Fifth Circuit reasoned in *Hamburger*, "the failure to satisfy the rules would never result in exclusion, but only in a continuance."  *Id.; See also, Robbins v. Ryan's Family Steak Houses East, Inc.*, 223 F.R.D. 448 (S.D. Miss. 2004)(excluding supplemental expert testimony and noting violation of scheduling order should not routinely result in a continuance).

**IT IS ORDERED** that the Motion to Strike Plaintiff's Untimely and Non-Complying Supplemental Expert Report (R. Doc. 60) filed by defendants, the City of Port Allen, Robert Peavy, and Harry Brown, is hereby **GRANTED**, and the supplemental expert report and testimony related thereto of plaintiff's expert, Thomas Strentz, shall be **EXCLUDED** from this matter.

Signed in chambers in Baton Rouge, Louisiana, February 14, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**