UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAROLYN SIMMONS

VERSUS

JAMES "RITCHIE" JOHNSON, ET AL

CIVIL ACTION

NO. 06-325-JVP-CN

# RULING ON MOTIONS

These matters are before the court on motions by defendants, Robert Peavy, Chief of Police Harry Brown, and the City of Port Allen (doc. 101), and defendants, James Ritchie Johnson, Donna Leblanc, Robert Favrot, Sheriff Michael Cazes, and Kevin Cyrus (doc. 102), for reconsideration of the court's May 27, 2008 ruling insofar as it relates to plaintiff's state law claims, and on motions by plaintiff, Carolyn Simmons, for reconsideration of the ruling insofar as it relates to her federal claims (doc. 103) and insofar as it relates the denial of her motion for partial summary judgment on state law claims (doc. 106). Defendants, Johnson, Leblanc, Favrot, Cazes and Cyrus have opposed plaintiff's motions for consideration (docs. 105 and 108) and plaintiff has opposed the motions filed by defendants (doc. 107). Jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The matter is submitted and there is no need for oral argument.

1

## FACTS AND PROCEDURAL HISTORY

According to the undisputed facts submitted in connection with the motions for summary judgment, this litigation arose out of an incident in which the plaintiff barricaded herself in her bedroom with a loaded forty-five caliber handgun and threatened suicide. After dialogue with plaintiff failed to resolve the situation, Chief Harry Brown of the Port Allen City Police Department activated the West Baton Rouge Crisis Response Team. Shortly thereafter a four-man team entered the room behind a ballistic shield and Deputy Kevin Cyrus quickly fired a bean-bag gun, striking plaintiff in the upper right torso. Plaintiff's gun discharged, and the bullet grazed her chin and struck her in the shoulder, necessitating amputation of her left arm.

In its May 27, 2008 ruling, this court granted motions for summary judgment by defendants, City of Port Allen, Robert Peavy and Harry Brown (doc. 78) and defendants, Mike Cazes, James Johnson, Donna LeBlanc, Robert Favrot and Kevin Cyrus, (doc. 84) insofar as the motions sought dismissal, with prejudice, of claims asserted pursuant to 42 U.S.C. § 1983. *See* (doc. 100).

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF FEDERAL CLAIMS

In the May 27, 2008 ruling, this court addressed plaintiff's claims that the above defendants failed to adequately train Deputy Cyrus and other members of

the West Baton Rouge Crisis Response Team as well as other members of either the West Baton Rouge Sheriff's Department or the City of Port Allen Police Department who responded to the incident. The court concluded that plaintiff had failed to meet her summary judgment burden of setting forth sufficient evidence to establish that the stated defendants had failed to adequately train the members of the West Baton Rouge Crisis Response Team or that the alleged failure to adequately train other officers who responded to the incident was causally connected to plaintiff's alleged deprivation of a constitutional right. See (doc. 100, pp. 13-19).

Plaintiff, in her motion for reconsideration of the ruling insofar as it relates to her federal claims requests the court to reconsider its ruling on her claims of "failure to adequately train." The memorandum in support of the motion, however, repeats arguments already addressed by the previous ruling. Therefore, the court need not reconsider her claims of "failure to adequately train."[1]

---

[1] As noted in the previous ruling, a claim of failure to train requires a plaintiff to prove three elements: (1) the [official] failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. (doc. 100, p. 15 (citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001)).

Thus, even if the court were to conclude that plaintiff had met her burden with respect to the first two elements, plaintiff would still bear the unsatisfied burden of setting forth evidence to demonstrate that the failure to train constituted deliberate indifference to the rights of persons with whom the officers come into contact. See *Whitt v. Stephens County*, 529 F.3d 278, 284 (5th Cir. 2008).

Plaintiff also requests the court to "provide clarification with regard to what effect, if any, its ruling has with respect to her Fourth Amendment claims of 'excessive force' brought pursuant to 42 U.S.C. § 1983." After carefully reviewing the petition, the court concludes that plaintiff has stated a claim pursuant to 42 U.S.C. § 1983 for deprivations of her Fourth Amendment right to be free of excessive governmental force. Therefore, the court will grant plaintiff's motion to reconsider the ruling insofar as it failed to address her claims of excessive force asserted pursuant to § 1983.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1959, 127 L.E.2d 92 (2007). Moreover, Rule 8(e) of the Federal Rules of Civil Procedure provides that "[p]leadings must be so construed as to do justice."

Plaintiff's federal claims are stated in paragraphs A-D of her petition.[2] Paragraph A reads as follows:

> Defendants, Brown, Aguillard and Peavy are liable in their official capacity under 42 U.S.C. § 1983 for their failure to adequately train defendant Officer X, (as well as other

---

[2] Plaintiff also filed a supplemental and amended complaint on April 4, 2007, alleging that the City of Port Allen violated Title II of the Americans with Disabilities Act by failing to have formal policies, procedures and practices in place to specifically deal with individuals suffering from mental disorders and engaged in actual or feigned suicide attempts. However, none of the current motions seek reconsideration of the court's decision to dismiss that claim.

>members of the City of Port Allen Police Department and CRT), whose inadequate response to the incident set forth in Plaintiff's Original Petition contributed substantially to Plaintiff's injuries, said injuries resulting from direct and distinct violations of Plaintiff's right not to be subjected to governmental acts of excessive force under the 4th Amendment.

Aside from the names stated at the beginning of each paragraph, paragraphs B,C and D of the petition are virtually identical to paragraph A. The petition alleges § 1983 claims against the City of Port Allen and against Robert Favro, Robert Peavy, Police Chief Harry Brown, and Sheriff Michael Cazes, in their official capacities, for their alleged failure to adequately train police officers who responded to the incident.[3] Plaintiff then alleges that the officers who responded to the incident contributed substantially to injuries that were caused by a violation of her Fourth Amendment right not to be subjected to governmental acts of excessive force.

Construing the pleading so as to do justice as required by Rule 8(e), the court concludes that plaintiff has provided the named defendants with fair notice of her intent to assert claims, not only for failing to adequately train the officers who responded, but also for violations of her Fourth Amendment right to be free of governmental acts of excessive force. Moreover, the petition alleges that plaintiff's injuries were caused by a gunshot that was "set in motion" by Deputy Cyrus' discharge of a bean-bag round, and that her injuries were the result of violations of

---

[3] Though the petition also lists Jesse Aguillard as a defendant, the court concluded in the May 27, 2008 ruling that all claims against him shall be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

her Fourth Amendment right not to be subjected to excessive governmental force (original petition ¶¶ 19, A).  The court therefore concludes that plaintiff's petition has also provided Deputy Kevin Cyrus with fair notice of her intent to assert a § 1983 claim of excessive force against him.

Having concluded that plaintiff has stated a claim of excessive force under 42 U.S.C. § 1983, the court must consider whether plaintiff has met her summary judgment burden of establishing a genuine issue for trial with regard to her claim of excessive force.  To prevail on a Constitutional claim of excessive force, a plaintiff must prove three elements: (1) a significant injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable.  *Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir. 1989).

According to the undisputed facts of the case: (1) plaintiff was barricaded, alone in her bedroom, and threatening suicide when officers of the West Baton Rouge Crisis Response Team entered the room; (2) Deputy Kevin Cyrus discharged a bean-bag gun, striking plaintiff in the upper right torso; (3) the gun plaintiff was holding discharged almost simultaneously with the discharge of the bean-bag gun, striking her in the left shoulder and necessitating amputation of her left arm; and (3) plaintiff's weapon was removed and she was handcuffed.  *See* (doc. 78-2, ¶¶ and doc.10-14; 84-3, ¶¶ 32-37).

The undisputed facts establish that plaintiff suffered a significant injury that required amputation of her left arm. The court therefore must consider whether plaintiff has set forth evidence from which a reasonable jury could determine that the injury resulted directly, and only from, force that was clearly excessive to the need and objectively unreasonable under the circumstances.

Because plaintiff's gun discharged almost simultaneously with the discharge of the bean-bag round that struck her in the upper right torso, a reasonable juror could conclude that the impact of the bean bag round caused plaintiff's gun to discharge. Thus a reasonable juror could also conclude that plaintiff's injury was the direct result of her being struck by the bean-bag round fired by Deputy Cyrus of the West Baton Rouge Crisis Response Team.

As noted *supra*, the undisputed facts also establish that plaintiff was barricaded alone in her bedroom and threatening suicide when the team entered the room, discharged the bean-bag gun and handcuffed her. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "[T]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application . . . its proper application requires careful attention to the facts and circumstances of each particular case,

including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* "The 'reasonableness' of a particular force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*

Because reasonable persons could differ regarding whether the force used in the present case was clearly excessive or objectively unreasonable, these are questions that should be determined by a jury. The court therefore concludes that plaintiff has met her summary judgment burden of demonstrating the existence of a triable issue of fact as to whether officers violated her Fourth Amendment right to be free of excessive governmental force.[4]

There is, however, no *respondeat superior* liability under 42 U.S.C. § 1983. Unless they participated in the conduct, supervisors are not subject to § 1983 liability for the acts or omissions of their subordinates. See *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992). Plaintiff has not alleged, or set forth evidence to establish, that Sheriff Michael Cazes responded to the incident or that he participated in any way in the conduct of which she complains. Therefore, plaintiff's § 1983 claims against Sheriff Cazes shall be dismissed. Likewise, plaintiff's § 1983 excessive force claim against the City of Port Allen shall also be dismissed.

---

[4]Of course all of the factual circumstances will be presented to the jury, including that the plaintiff was threatening to end her own life and that the defendants were attempting to preserve that life.

The undisputed facts, however, establish that Police Chief Harry Brown activated the West Baton Rouge Crisis Response Team (*see* doc. 78-2, ¶ 8). The undisputed facts also establish that Deputy Kevin Cyrus fired the bean-bag round that struck plaintiff (doc. 84-3, ¶ 35), and police reports submitted by the plaintiff indicate that Robert Favro of the West Baton Rouge Sheriff's Office and Robert Peavy of the City of Port Allen Police Department responded to the incident and participated in briefing the officers who made entry into the house (*see* doc. 88, Ex. I, p. 1; Ex. J, p. 2; Ex. L, p. 1). Thus, they are proper defendants in this action.

For the foregoing reasons, the court concludes that plaintiff has sustained her summary judgment burden of setting forth evidence sufficient to maintain her § 1983 claims of excessive force against: (1) Harry Brown, Chief of the Port Allen Police Department; (2) Robert Peavy, in his individual capacity; (3) Robert Favro, in his individual capacity; (4) and Kevin Cyrus, in his individual capacity.

## MOTIONS FOR RECONSIDERATION OF STATE LAW CLAIMS

Plaintiff asserts against defendants, Johnson, LeBlanc, Favrot, Aguillard, Peavy, Brown, and Cyrus, state law claims of: (1) unauthorized use of physical force (battery); (2) aggravated assault; (3) intentional and/or negligent infliction of mental

and/or emotional distress; as well as (4) other acts of fault and/or negligence as to be proved at trial (original petition, ¶¶ E-F).[5]

In the May 27, 2008 ruling, this court granted the motions for summary judgment by the defendants only insofar as they sought dismissal of plaintiff's § 1983 claims of failure to adequately train. The ruling also denied plaintiff's motion for summary judgment on her state law claims of battery, false arrest and false imprisonment.

All parties have filed motions for reconsideration of the May 27, 2008 ruling insofar as it relates to plaintiff's state law claims. The court will therefore grant the motions and address the previous motions for summary judgment.

**Plaintiff's Motion for Summary Judgment on State Law Claims**

"[P]olice officers are always armed with dangerous weapons and may legitimately employ reasonable force to perform their duties and preserve order. Their use of force is privileged so long as the force used is not unreasonable or excessive." *Nelson v. City of Shreveport*, 921 So.2d 1111, 1118 (La.App. 2 Cir. 2006), *writ denied*, 927 So.2d 313 (La.2006): see also, *Wilson v. City of Shreveport*, 921 So.2d 254, 257 (La.App. 2 Cir. 2006), *writ denied*, 927 So.2d 321 (La.2006)

---

[5]Plaintiff also alleges on information and belief that all defendants were covered by liability insurance policies "which had been delivered by X, Y, and Z insurance companies," and that those insurance companies are liable to her under the terms of the policies obligating the insurance companies to pay damages caused to others as a result of the fault and/or negligence of defendants (original petition, ¶¶ G-H).

10

(holding that "[a] law officer's use of force is privileged so long as the force used is not unreasonable or excessive").

Therefore, for plaintiff to prevail on any of her tort claims against these defendants, she must demonstrate that the force used by the officers was unreasonable or excessive under the circumstances.[6] As has already been noted, however, a question of fact exists as to whether use of a bean-bag gun was unreasonable or amounted to excessive force under the circumstances. Moreover, whether the officers acted reasonably in handcuffing and detaining plaintiff under the circumstances is also a question of fact for a jury to determine.[7] The court therefore concludes that genuine issues of fact exist that preclude summary judgment on plaintiff's motion for summary judgment on her state law claims of battery, false arrest and false imprisonment.

**Defendants' Motions for Summary Judgment on State Law Claims**

To prevail on a claim of battery under Louisiana law, a plaintiff must prove three elements: (1) a subjective intent by defendant to inflict a harmful or offensive contact without plaintiff's consent; (2) unwelcome contact without consent; and (3)

---

[6]Sheriff Defendants contend that a plaintiff cannot recover in an action for battery or assault if she is at fault in provoking the difficulty in which she was injured. The Louisiana Supreme Court, however has stated that "the aggressor doctrine no longer has a place in Louisiana tort law" due to the enactment of La.Civ.Code art. 2323 providing for comparative fault. *Landry v. Bellanger*, 851 So.2d 943, 953 (La.2003).

[7]The undisputed facts demonstrate that the officers believed plaintiff to be suicidal. A reasonable juror might conclude that officers acted reasonably in seizing and handcuffing her to prevent a potential suicide attempt.

11

a harmful or offensive touching. *Caudle v. Betts*, 512 So.2d 389, 391 (La.1987). "The intent with which tort liability is concerned is not necessarily a hostile intent or a desire to do any harm. Rather it is an intent to bring about a result which will invade the interests of another in a way that the law forbids. The defendant may be liable although . . . seeking the plaintiff's own good." *Id.*

According to the undisputed facts, Deputy Cyrus discharged the bean-bag round that struck plaintiff. He also stated in his deposition that he aimed the round at her upper right torso (Cyrus deposition, p. 61). As noted *supra*, however, a question of fact exists as to whether use of the bean-bag gun was reasonable and amounted to excessive force under the circumstances. Therefore, plaintiff has met her summary judgment burden of demonstrating that a genuine issue of fact exists with regard to her battery claim.

"An assault takes place when the defendant intentionally places plaintiff in imminent apprehension of a harmful or offensive contact when the defendant has the apparent ability to carry out the threatened conduct at the time." 18 La. Civ. L. Treatise, Civil Jury Instructions § 14,04. The undisputed facts establish that Deputy Cyrus fired the bean-bag round at plaintiff. Bryan Doucet, who led the entry team into the room, stated in his report that he saw plaintiff turning to look at the team's entry point when she was hit by the bean-bag round (doc. 77, Ex. F, p. 2). Therefore, a reasonable juror could conclude that Deputy Cyrus intended to commit

a battery and that prior to being struck with the round, plaintiff was placed in reasonable apprehension of being shot.

Plaintiff's negligence claims are subject to Louisiana's duty/risk analysis which consists of a five-part inquiry: (1) whether the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) whether the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element). *Hanks v. Entergy Corp.*, 944 So.2d 564, 579 (La.2006).

A police officer has a duty to act reasonably under the totality of the circumstances. *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 322-23 (La. 1994). As has already been noted, genuine issues of fact exists as to whether use of the bean-bag gun was reasonable under the circumstances and as to whether the use of the bean-bag gun caused plaintiff's injuries. Therefore, the court concludes that plaintiff has met her summary judgment burden of establishing genuine issues of fact with regard to her general negligence claims.

## CONCLUSION

Accordingly, the motions by plaintiff, Carolyn Simmons, for reconsideration of the ruling insofar as it relates to her federal claims (doc. 103) and for reconsideration of the ruling insofar as it relates the denial of her motion for partial summary judgment on state law claims (doc. 106) are hereby **GRANTED**. The motions by defendants, Robert Peavy, Chief of Police Harry Brown, and the City of Port Allen (doc. 101), and by defendants, James Ritchie Johnson, Donna Leblanc, Robert Favrot, Sheriff Michael Cazes, and Kevin Cyrus (doc. 102), for reconsideration of the court's May 27, 2008 ruling insofar as it relates to plaintiff's state law claims are hereby **GRANTED**.

Upon reconsideration, the motion by plaintiff, Carolyn Simmons, for partial summary judgment (doc. 86) is hereby **DENIED**.

Upon reconsideration, the motion by defendants, City of Port Allen, Robert Peavy and Harry Brown, for summary judgment (doc. 78) is hereby **GRANTED** insofar as it seeks dismissal, with prejudice, of all claims asserted against the City of Port Allen pursuant to 42 U.S.C. § 1983 and insofar as it seeks dismissal with prejudice of all claims of "failure to adequately train" asserted pursuant to 42 U.S.C. § 1983, and **DENIED** insofar as it seeks dismissal of state law tort claims and claims of excessive force asserted against defendants, Robert Peavy and Harry Brown, pursuant to 42 U.S.C. § 1983.

Upon reconsideration, the motion for summary judgment by defendants, Mike Cazes, James Johnson, Donna LeBlanc, Robert Favrot and Kevin Cyrus, (doc. 84) is hereby **GRANTED** insofar as it seeks dismissal, with prejudice, of claims asserted against Sheriff Mike Cazes pursuant to 42 U.S.C. § 1983 and insofar as it seeks dismissal of all claims of "failure to adequately train" asserted pursuant to 42 U.S.C. § 1983, and **DENIED** insofar as it seeks dismissal of state law tort claims and claims of excessive force asserted against defendants, Kevin Cyrus and Robert Favrot, pursuant to 42 U.S.C. § 1983.

Moreover, as noted in the court's May 27, 2008 ruling, all claims asserted pursuant to 42 U.S.C. § 12132 shall be **DISMISSED** as will all claims asserted against defendant, Jesse Aguillard.

Baton Rouge, Louisiana, August 22, 2008.

*[signature: John V. Parker]*

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA